# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:17-CR-00234-10-MTS |
| ) | |
| YADGAR BARZANJI, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Yadgar Barzanji's Notification of Material Change in Economic Circumstances, Doc. [2813]. Because a material change has not yet occurred in Defendant's finances, the Court will direct the Clerk of Court to terminate the motion.

### I. Background

On January 28, 2020, Defendant pleaded guilty to Count I, Conspiracy to Traffic Contraband Cigarettes, 18 U.S.C. § 371. On October 7, 2020, Defendant was sentenced to five years of probation. Doc. [1663]. Defendant was also ordered to pay $356,400 in restitution.[1] On June 20, 2025, Defendant filed a pro se Notification of Material Change in Economic Circumstances, Doc. [2813].

### II. Discussion

The Mandatory Victims Restitution Act requires restitution when a defendant is convicted of a crime of violence, an offense against property, an offense relating to tampering with consumer products, an offense relating to the theft of medical products, or where there is an identifiable

---

[1] This obligation is joint and several with Najeh Muhana, Mohammad Almuttan, Saddam Mutan, and Mohammed Kayed of this case, meaning that no further payments shall be required after the sum of the amounts actually paid by all defendants has fully covered the compensable injuries.

victim who suffered either a physical injury or pecuniary loss. *See* 18 U.S.C. § 3663A(c)(1). An order of restitution is a "lien in favor of the United States on all property and rights to property of the person." 18 U.S.C. § 3613(c). "[A] judgment imposing a fine [or restitution] may be enforced against all property or rights to property of the person," subject only to certain types of exempt property and limited exceptions specifically listed therein. *Id*. at §§ 3613(a) and (f). A restitution order can be amended if a material change occurs in the defendant's economic circumstances such that an adjustment of the payment schedule would be appropriate under 18 U.S.C. § 3664(k). Under 18 U.S.C. § 3664(k), "[a] material change in a defendant's economic circumstances is identified by an objective comparison of a defendant's financial condition before and after a sentence is imposed." *United States v. McGowan-Baker*, No. 4:23-cr-00074-1-MTS, 2025 WL 1157693 at *1 (E.D. Mo. April 21, 2025) (quoting *United States v. Day*, No. 4:06-cr-767-CAS, 2009 WL 2948462 at *3 (E.D. Mo. Sept. 14, 2009)).

Here, Defendant asserts in his Notice that he and his wife seek permission from the Court to sell their current house and purchase a smaller one. *See* Doc. [2813]. One of the mandatory conditions of Defendant's probation is that he "must notify the court of any material change in [his] circumstances that might affect [his] ability to pay restitution…." Doc. [1663]. However, Defendant is not required to seek the Court's permission to sell a house or report a *potential* material change of economic circumstances.

Accordingly,

**IT IS HEREBY ORDERED** that because there is not a ripe issue before the Court, the Clerk of Court is directed to terminate the motion.

Dated this 28th day of July, 2025

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE